IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSE L. RAMOS VARGAS,**<br>    **Plaintiff** | : No. 3:24-CV-0133<br>:<br>: (Judge Munley) |
| v. | : |
| **HUNTINGDON PRISON**<br>**ADMINISTRATION,**<br>    **Defendant** | :<br>:<br>: |

## MEMORANDUM

Plaintiff Jose L. Ramos Vargas initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by SCI Huntingdon administrators. The court will dismiss Ramos Vargas's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but will provide leave to amend.

## I. BACKGROUND

Ramos Vargas appears to allege that prison administration at SCI Huntingdon kept him incarcerated past his maximum date. (See generally Doc. 1). He asserts that, on February 15, 2023, he was sentenced in state court to a term of "one to two years in state prison" for simple assault, but that he had been

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

held in pretrial detention since January 25, 2022. (See id.) Accordingly, he posits that his two-year "max date" would expire on January 25, 2024, and alleges that "they" (presumably, SCI Huntingdon officials) want to keep him incarcerated for "two more month[s]." (Id.)

Ramos Vargas lodged a single-page, handwritten Section 1983 complaint (dated January 3, 2024) in the United States District Court for the Eastern District of Pennsylvania on January 8, 2024. (See id.) Several days later, he filed a supporting handwritten document with more details about his circumstances and requested relief. (See Doc. 3). On January 23, 2024, the Eastern District transferred the case to this Court. (See Docs. 6, 7). On February 23, 2024, Ramos Vargas notified the Court that he was going to be released on March 4, 2024. (See Doc. 11).

Ramos Vargas names one defendant in his complaint: "Huntingdon Prison Administration." (See Doc. 1). He appears to seek monetary damages for his alleged over-incarceration. (See Doc. 3). However, he fails to state a claim upon which relief may be granted, so the court must dismiss his complaint.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening

stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1).  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230

(3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Ramos Vargas proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Ramos Vargas, was incarcerated when he filed his

complaint. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Before addressing the sufficiency of Ramos Vargas's complaint, the Court must identify the claimed constitutional violation. See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct). Although Ramos Vargas uses the term "false imprisonment," he appears to be asserting an Eighth Amendment claim sounding in wrongful incarceration past the termination of his sentence. See Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993); Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989). However, because Ramos Vargas has sued an entity that is not a "person" within the meaning of 42 U.S.C. § 1983, his Eighth Amendment claim cannot advance.

### A. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under

5

color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis supplied) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983; state prisons and agencies do not qualify. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (noting that a state agency may not be sued under Section 1983 because it is not a "person"); Foye v. Wexford Health Sources Inc., 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

In his handwritten complaint, Ramos Vargas sues only the "Huntingdon Prison Administration." (Doc. 1). This is not a "person" and therefore Ramos Vargas has failed to assert a viable Section 1983 claim. Nevertheless, in his supplemental filing, Ramos Vargas identifies several prison officials at SCI Huntingdon who he claims were aware of, and possibly involved with, his alleged over-incarceration. (See Doc. 3 (naming Superintendent Rivello, Inmate Records Supervisor Ms. N. Pittman, Parole Assistant Ms. S. Manly, and Ms. L. Sheeden)). Thus, it is possible that Ramos Vargas may be able to amend his complaint to

state a plausible Section 1983 claim against one or several state actors for his alleged over-incarceration.[2]

**B.   Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. Leave to amend will be granted in the event that Ramos Vargas can identify proper defendants and plausibly allege an Eighth Amendment over-incarceration claim.

If Ramos Vargas chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Ramos Vargas's Eighth Amendment claim in short, concise, and plain statements, and in sequentially numbered paragraphs. He must address the pleading deficiencies identified in this Memorandum. In particular, Ramos Vargas must name viable defendants and specify the offending actions or

---

[2] To plausibly state an Eighth Amendment claim against a prison official for over-detention after the termination of a sentence, the plaintiff must allege "(1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention. Relevant circumstances in assessing these factors are the scope of the official's duties and the role the official played in the life of the prison." Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010) (citing Sample, 885 F.2d at 1110).

7

omissions by each defendant. He must also sign the amended complaint and indicate the nature of the relief sought.

If Ramos Vargas does not timely file an amended complaint, dismissal of his complaint will automatically convert to dismissal with prejudice and the court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Ramos Vargas's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Leave to amend will be granted. An appropriate Order follows.

Date: 3/7/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court